# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SARAH HEALY LUCERO,<br>*Plaintiff*<br><br>v.<br><br>COMMISSINOER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>*Defendant* | § § § § § § § § § § | CASE NO. 1:25-CV-01689-DAE-SH |

## ORDER

Now before the Court are Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 1) and Complaint (Dkt. 1-1), both filed October 21, 2025. The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 2.

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff Sarah Healy Lucero, who is represented by an attorney, seeks leave to file her Complaint without having to pay the filing fee. After reviewing his Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that Plaintiff cannot afford the filing fee. Accordingly, the Court **GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose

costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Frivolousness Review Under Section 1915(e)(2)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that the Social Security Commissioner's decision denying her application for disability benefits is not supported by substantial evidence and is contrary to law. She has exhausted his administrative remedies and now seeks judicial review under 42 U.S.C. § 405(g). Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

### III. Order

For these reasons, the Court **GRANTS** Plaintiff Sarah Healy Lucero's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 1) and **ORDERS** the Complaint (Dkt. 1-1) to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk notify the Commissioner of this action by transmitting a Notice of Electronic Filing to the Social Security Administration's Office of General Counsel and to the United States Attorney for the Western District of Texas pursuant to Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

**SIGNED** on November 4, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE