# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Sarah Healy Lucero,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-01689-SH** |
| | § | |
| **Commissioner of the Social Security Administration,** *Defendant* | § | |
| | § | |
| | § | |

## ORDER

Before the Court are Plaintiff Sarah Healy Lucero's Opening Brief, filed January 29, 2026 (Dkt. 9); Defendant's Brief in Support of the Commissioner's Decision, filed April 24, 2026 (Dkt. 13); Lucero's Reply Brief, filed May 7, 2026 (Dkt. 14); and the Social Security Record (Dkt. 7).[1]

## I. Background

Lucero applied for Social Security disability benefits on October 13, 2022. Dkt. 7-5 at 5. She alleged disabilities caused by a gastrointestinal disorder and mental impairments. Dkt. 7-3 at 9-10. Her application was denied initially and on reconsideration. Dkt. 7-3. Lucero requested a hearing before an administrative law judge ("ALJ"), which was held April 8, 2025. Dkt. 7-2 at 49. In a written decision after the hearing, the ALJ denied disability benefits. *Id.* at 14-41. He determined that Lucero was not disabled because she is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 41.

[1] On January 30, 2026, the Honorable David Ezra transferred this case to this Magistrate Judge for all proceedings and the entry of a final judgment pursuant to the parties' consent. Dkt. 10.

Lucero appealed, and the Appeals Council denied review. *Id.* at 2. Having exhausted her administrative remedies, Lucero challenges the ALJ's decision under 42 U.S.C. § 405(g) and requests judgment in her favor or remand for further proceedings.

## II. Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). To determine whether a Social Security claimant is disabled, the Commissioner uses a five-step evaluation process and considers:

1. Whether the claimant is engaged in "substantial gainful activity,"
2. The severity and duration of the claimant's impairments,
3. Whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations,
4. Whether the claimant has the residual functional capacity ("RFC") to do his "past relevant work," and
5. Whether the impairment prevents him from doing any relevant work.

20 C.F.R. § 404.1520. Between the third and fourth steps, the Commissioner must assess the claimant's RFC. *Madkins v. Bisignano*, 150 F.4th 657, 663 (5th Cir. 2025). The RFC is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 462. The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth. *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir. 2017). If the Commissioner meets his burden at the fifth step, the burden shifts back to the claimant to prove that she could not perform the alternative work identified. *Id.* at 754.

Judicial review of the Commissioner's final decision is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner correctly applied the relevant legal standards. *Keel v. Saul*, 986 F.3d 551, 555

(5th Cir. 2021). If the Commissioner's findings are supported by substantial evidence, they must be affirmed. *Tillman v. Comm'r of Soc. Sec.*, No. 1:24-CV-00759-RP-SH, 2025 WL 926470, at *2 (W.D. Tex. Mar. 3, 2025), *R. & R. adopted*, 2025 WL 923510 (W.D. Tex. Mar. 26, 2025) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). A court can find that the Commissioner's decision was not supported by substantial evidence only if there are no credible evidentiary choices or medical findings to support the decision. *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016). "The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton*, 209 F.3d at 452. Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.*

The harmless error doctrine applies to Social Security cases, and courts will not vacate the Commissioner's decision unless the claimant's rights are substantially affected. *Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009). The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error. *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012).

## III. Analysis

Lucero argues that the ALJ's failure to include RFC restrictions for her gastroparesis[2] and mental impairments is reversible error. She also contends that the ALJ's finding that her mental impairments were not severe is not supported by substantial evidence.

### A. Gastroparesis Limitations

Lucero argues that the ALJ committed legal error by finding her gastroparesis "severe" at step two but "fail[ing] to include any restriction in the RFC finding to account for this

[2] Gastroparesis is a gastrointestinal disorder causing delayed gastric emptying. Dkt. 7-2 at 28.

impairment." Dkt. 9 at 5. When impairments are identified as severe at step two but the RFC includes no limitations for those impairments, the RFC can effectively contradict the step-two finding. *Kinard v. Bisignano*, No. 3:25-CV-00140-LE, 2026 WL 837986, at *6 (W.D. Tex. Mar. 26, 2026). But a finding of severe impairment at step two does not entitle a claimant to benefits because "the consideration of whether a claimant's impairments are severe at step two is a different inquiry than an ALJ's assessment of the claimant's RFC." *Vasquez v. O'Malley*, No. EP-22-CV-00349-FM-MAT, 2024 WL 1481437, at *7 (W.D. Tex. Feb. 21, 2024), *R. & R. adopted*, 2024 WL 1195558 (W.D. Tex. Mar. 19, 2024), *aff'd*, No. 24-50233, 2024 WL 4381269 (5th Cir. Oct. 3, 2024). An ALJ may find an impairment severe at step two but decline to assign a separate RFC limitation for that impairment if he "considered the limitations that were encompassed by the severe impairments or accounted for the limitations in some respect before making a disability finding." *Id.*

At step two, the ALJ found that Lucero's gastroparesis was a "severe impairment." Dkt. 7-2 at 19. The ALJ then found that Lucero's RFC allowed her to "perform light work as defined in 20 C.F.R. 404.1567(b) except no work in high exposed places, in proximity to moving mechanical parts, and no driving or operating machines or equipment." *Id.* at 26. In making his assessment, the ALJ considered Lucero's allegations about her gastroparesis symptoms, which he found "not entirely consistent with the evidence of record." *Id.* at 30. He analyzed her reported daily activities and found that they did not suggest "disabling limitations with lifting, sitting, standing, walking, climbing, postural activities, hearing, or seeing, or limitations greater than the abilities set forth in the above residual functional capacity finding." *Id.* at 31. The ALJ also found that Lucero's medical testing and exam findings were consistent with her reported

daily activities and did not suggest that she was "incapable of performing work activity consistent with the above residual functional capacity finding." *Id.* at 32.

The ALJ found that the RFC "adequately addresses the location, duration, frequency, and intensity of claimant's alleged symptoms." *Id.* at 27. Because the ALJ considered the limitations caused by Lucero's gastroparesis and found that the RFC sufficiently accounted for those limitations, the Court finds that he did not err in declining to assign a separate RFC restriction for gastroparesis. *Kinard*, 2026 WL 837986, at *7.

**B. Mental Limitations**

In evaluating a claimant's RFC, an ALJ must consider the limiting effects of all impairments, even those that are not severe. 20 C.F.R. §§ 404.1545(e), 416.945(e). Non-severe limitations may combine with severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform. *Hernandez v. Comm'r of Soc. Sec.*, 748 F. Supp. 3d 442, 448 (W.D. Tex. 2024). For that reason, "an ALJ errs not in failing to include mental limitations in the RFC assessment, but in failing to consider whether mental functional limitations were warranted." *Id.* at 448 (citation omitted). If limitations are warranted, they need not be included verbatim in the RFC. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013).

Lucero does not dispute that the ALJ sufficiently considered whether mental functional limitations were warranted. *Hernandez*, 748 F. Supp. 3d at 448. Instead, she contends that the ALJ's finding that mental functional limitations were warranted is inconsistent with his failure to designate RFC restrictions to account for her mental limitations. Dkt. 9 at 8.

In his decision, the ALJ considered Lucero's allegations of her mental functional limitations, including her issues "talking, remembering, understanding, following instructions, completing

tasks, and concentrating," and found that her allegations were "not entirely consistent with the evidence of record." Dkt. 7-2 at 33. The ALJ evaluated Lucero's reported daily functioning, mental examination findings, and the relevant medical opinions, and found that they showed no more than a "mild degree of limitation in any areas of mental functioning." *Id.* He concluded that the "record supports some degree of limitation from the claimant's impairments," but not to the extent that Lucero alleged. *Id.* at 34. At the hearing, he also asked the vocational expert whether jobs available under the RFC would remain available to an individual with "the ability to understand, remember and carry out detailed, but not complex job instructions." The expert testified that they would. Dkt. 7-2 at 70. The ALJ found that the RFC "reasonably accommodates" Lucero's mental limitations. Dkt 7-2 at 34.

The Court finds that the ALJ did not err in failing to designate a mental restriction in Lucero's RFC because he considered the evidence and found that the RFC accommodated her underlying mental limitations. The ALJ did not have to include mental limitations verbatim. *Cornejo*, 2013 WL 2539710, at *9.

**C. Mental Impairment Severity Finding**

In her final assertion of error, Lucero argues that the record does not support the ALJ's finding that her mental impairments were not severe. Dkt. 9 at 8. She contends that her reports of struggling with "attention and concentration and depressive and anxiety symptoms" as well as "modest benefits" from medication, "surpass the low de minimis standard for severe impairments at step two." *Id.* The Commissioner argues that, even if the ALJ's finding was not based on substantial evidence, it constitutes harmless error. Dkt. 13 at 8.

At step two, the ALJ determines whether any of the claimant's impairments or combination of impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe if it

"significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). It is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Wichman v. Astrue*, 857 F. Supp. 2d 618, 624 (W.D. Tex. 2012) (quoting *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985)). This step requires "a *de minimis* showing." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). If a claimant does not have a "severe impairment," she is not disabled. *Schofield v. Saul*, 950 F.3d 315, 318 (5th Cir. 2020) (citing 20 C.F.R. § 404.1520(c)). "A step two error is harmless if the ALJ considers symptoms of the impairment in question at subsequent steps." *Moreno v. Comm'r of Soc. Sec. Admin.*, 698 F. Supp. 3d 935, 948 (W.D. Tex. 2023).

In step five of his decision, the ALJ assessed Lucero's symptoms of depression and anxiety. He addressed both Lucero's report of "handling stress pretty well" and the medical examination's "intermittent findings related to a sad/depressed mood/affect." Dkt. 7-2 at 33. The ALJ also considered medical examination evidence and medical opinions showing that Lucero had intact "memory, attention, concentration, and language." Dkt. 7-2 at 33, 39. The Court finds that the ALJ considered symptoms of Lucero's mental impairment at subsequent steps of his analysis and finds that any error regarding the step two severity finding is harmless.

## IV. Order

For these reasons, the Court **AFFIRMS** the decision of the Social Security Commissioner. The Court will enter final judgment by separate order.

**SIGNED** on August 24, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE